Dear Mr. Ranatza:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 What is the nature and extent of the exclusion of medical retirees under section 14:95(G) of the Louisiana Revised Statutes?
This question requires a legal interpretation of La. R.S.14:95, which prohibits the carrying of concealed weapons, and grants exceptions to this prohibition to certain individuals. It states in pertinent part:
 (G) The provisions of this Section . . . shall not apply to sheriffs and their deputies, state and city police, constables and town marshals, or person vested with police power when in the actual discharge of official duties or, if not actually discharging official duties, when such sheriffs and their deputies and state and city police are full-time, active, or retired from full-time active law enforcement service with at least sixteen years of service upon retirement, excluding medical retirees, and certified by the Council on Peace Officer Standards and Training and have on their persons valid identification as duly commissioned or retired law enforcement officers.
The language emphasized above calls into question whether those officers who retired because of medical disability are excluded from the requirement of sixteen years of service upon retirement, or whether those officers are excluded from the concealed weapons exemption altogether. For the reasons that follow, it is the opinion of this office that medical retirees are excluded only from the requirement that they have sixteen years of experience upon retirement.
In interpreting any provision of law, there are two facets that must be examined. First, the express wording of the statute. The order in which the medical retiree exclusion is placed strongly indicates that it was meant to modify the clause, "with at least sixteen years of service upon retirement." Were this exclusion meant to deny medical retirees the right to carry concealed weapons under this exemption, it should have been placed either among the list of qualified law enforcement officers, or in a separate sentence. Thus, the wording of this provision alone suggests that medical retirees are only excluded from the sixteen year requirement.
Secondly, the intent underlying the provision of law must be carefully considered for an accurate interpretation. An exhaustive search reveals that the legislature left no written evidence of their intention behind the enactment of this exclusion (added Acts 1995, No. 636). Thus, one must seek out this intent through sound reasoning and common sense. If one were to interpret this statute so as to prohibit medical retirees from carrying concealed weapons like all other retirees, the resulting consequences would be absurd. For example, if an officer is wounded in the line of duty, and forced to retire for medical reasons, is he any less worthy to carry a concealed weapon if he complies with the other requirements of the statute? Surely the legislature did not mean to ridicule the contributions of officers who retire from law enforcement for medical reasons. To the contrary, logic indicates that the legislature intended to exempt medical retirees from the requirement that they have sixteen years of service upon retirement, since (as previously stated) many officers who are wounded in the performance of their duties have no choice but to retire because of medical problems.
Therefore, it is the opinion of this office that the exclusion of medical retirees in La. R.S. 14:95(G) merely exempts them from the requirement that they have sixteen years of experience upon retirement, and does not exclude them from the concealed weapon exception altogether.
I hope the opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ELLISON C. TRAVIS Assistant Attorney General